IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FBN FINANCE, LLC,

      Plaintiff,

v.                                                  No. 1:25-cv-00024-KG-JFR

CURRY COUNTY FARMING, INC., et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff FBN Finance, LLC's motion for a default judgment under Federal Rule of Civil Procedure 55. Doc. 11. For the reasons below, the motion is granted in part and denied in part.

Plaintiff filed this lawsuit in January 2025, alleging that Defendants Curry County Farming, Inc. and Jacobus Roux Van Der Merwe breached three loan agreements and therefore owe money damages. Doc. 1. On May 13, 2025, Plaintiff dismissed its claims against Mr. Van Der Merwe and moved the Clerk of the Court to enter a default against Curry County Farming for its failure to answer the complaint. Docs. 6–7. The Clerk entered a default against Curry County Farming on May 14, 2025. Doc. 8. Plaintiff then moved for a default judgment on August 11, 2025, and Curry County Farming did not respond. Doc. 11.

"[E]ntry of a default judgment is within the discretion of the court." *Com. Credit Grp., Inc. v. Protege Excavation, Inc.*, 2020 WL 5535689, at *4 (D.N.M.). Before entering a default judgment, the court must assess "whether it has jurisdiction, and if it does, whether the well-pleaded factual allegations in the Complaint and any attendant affidavits or exhibits support

judgment on the claims against the defendants." *Id.* "If defendant does not contest the amount prayed for in the complaint" by failing to answer, and the "claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *United States v. Craighead*, 176 Fed. Appx 922, 925 (10th Cir. 2006) (quoting Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2688 (3d ed.)).

Under these standards, a default judgment on the question of liability is warranted in this case. First, the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. Complete diversity exists—Plaintiff is a California citizen, while Curry County Farming is a Texas and New Mexico citizen—and the matter in controversy, excluding interest and costs, exceeds $75,000. *See* Doc. 1 ¶¶ 1–2, 8–32; Doc. 11 ¶ 8. Second, the complaint and its exhibits support default judgment against Curry County Farming on the question of liability. Plaintiff detailed the terms of three separate loan agreements with Curry County Farming in the complaint, Doc. 1 ¶¶ 8–32; attached those loan documents to the complaint, Docs. 1-1 to 1-9; and alleged that Curry County Farming failed to pay back the loans on time, Doc. 1 ¶¶ 27–29.

The Court will, however, reserve entering a default judgment on the question of damages. Plaintiff asserts that, as of August 8, 2025, Curry County Farming owed Plaintiff $929,143.96 under the three loan agreements at issue. Doc. 11 ¶ 8. But the complaint alleges that interest on those loans continues to accrue. Doc. 1 ¶¶ 30–32. The Court will therefore give Plaintiff the opportunity to file updated documentation concerning the current amount due before ruling on the question of damages.

IT IS THEREFORE ORDERED that Plaintiff's motion for a default judgment under Rule 55 (Doc. 11) is GRANTED in part and DENIED in part. Default judgment on the question of liability is entered against Defendant Curry County Farming as to Plaintiff's claims. The Court

reserves ruling on the question of damages.  By **January 5, 2025**, Plaintiff shall (1) file updated documentation on the docket concerning the current amount due under the loan agreements at issue and (2) submit a proposed order in Microsoft Word (.docx) format by email to gonzalesproposedtext@nmd.uscourts.gov that grants default judgment on damages.

    IT IS SO ORDERED.

                  /s/Kenneth J. Gonzales_____
                  CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.